IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

JOHN PRESTON CREECH, #01578037 §
§
VS. § CIVIL ACTION NO. 4:16cv759, 4:16cv807
§
DIRECTOR, TDCJ-CID §

## **ORDER OF DISMISSAL**

The above-entitled and numbered civil actions were referred to United States Magistrate Judge Christine A. Nowak. The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such actions, has been presented for consideration. Petitioner, with the assistance of counsel, filed objections. The Magistrate Judge recommended the petitions for writ of habeas corpus be dismissed with prejudice.

Petitioner objects to the Magistrate Judge's findings/conclusions as to the insufficient evidence claim. He re-urges his argument that the complainant's testimony that he kissed "the part . . . that when you get older you get hair on" was too broad to support a finding that his mouth came into contact with her sexual organ. However, this was not the only testimony elicited from the complainant. As noted in the Report, she also testified that Petitioner touched her breasts and vagina with his lips on two separate occasions, and provided sensory details such as body positions, how appellant ran his hands up her sides, told her she was beautiful, and how he kissed her directly on the skin rather than over her clothes.

Petitioner also objects to the Magistrate Judge's findings/conclusions that Petitioner failed to demonstrate the state court decision rejecting Petitioner's claim of ineffective assistance of

1

counsel based on failure to investigate was contrary to, or involved an unreasonable application of established federal law, or was based on an unreasonable determination of facts. He argues that the Magistrate Judge erred in not finding that trial counsel was ineffective for failing to retain a private investigator. However, as noted in the Report, Petitioner has not produced any evidence to show what a more detailed investigation would have uncovered. In his objections, Petitioner still fails to make this showing, simply arguing that trial counsel failed to "discover and/or effectively utilize several critical pieces of evidence that supported Creech's unwavering insistence that he did not commit sexual assault." (Dkt. # 13, p 5).

Petitioner next objects to the Magistrate Judge's findings/conclusions that Petitioner failed to rebut the correctness of the state court findings rejecting Petitioner's claim that trial counsel was ineffective for failing to seek a severance of trials. Petitioner argues that "generally" evidence of the underlying conduct involved in the possession of child pornography charges would not have been admissible in a trial for sexual assault. Petitioner cites to *Pawlak v. State*, 420 S.W.3d 807 (Tex. Crim. App. 2013) to support his argument. In *Pawlak*, the defendant was charged with sexual assaulting young boys. The trial court admitted 9,900 pornographic images into evidence to rebut the defense suggestion that the defendant was not interested in boys. *Id*. The Court of Criminal Appeals found the admission of this evidence was erroneous, *not* because the pornographic images were inadmissible, but because the "sheer volume" of images was prejudicial. *Id*. at 811 (emphasis added). Thus, Petitioner has not shown that the pornographic material would not have been admitted in a trial for sexual assault, had the trial court severed the trials.

Petitioner objects to the Magistrate Judge's findings/conclusions that Petitioner failed to show either deficient performance or prejudice arising from trial counsel's failure to ensure that the

2

jury was properly instructed concerning the affirmative defense of educational purpose. However, as noted in the Report, not only was this language included in the abstract portion of the charge, trial counsel explained this defense at length in his closing argument.

Petitioner objects to the Magistrate Judge's findings/conclusions that Petitioner failed to show either deficient performance or prejudice arising from trial counsel's failure to call computer expert Timothy Hanners to testify about the tainted nature of the state's digital evidence. He contends that the college IT staff downloaded pornographic images onto Petitioner's computer. However, as noted in the Report, because Petitioner admitted that the images were on his computer, he cannot show either deficient performance or prejudice.

Petitioner next objects to the Magistrate Judge's findings/conclusions that Petitioner failed to rebut the correctness of the state court findings rejecting Petitioner's claim that trial counsel was ineffective for waiving discovery regarding the identity and statement of the outcry witness. Petitioner argues that this caused him prejudice because the complainant's mother was then allowed to testify as the outcry witness. He contends that the mother's testimony was critical to the state's case. However, as noted in the Report, this objection is not substantiated by the record or the state habeas court's findings, as the complainant testified in depth about the abuse, while her mother's testimony was quite limited in respect to the outcry.

Petitioner also objects to the Magistrate Judge's findings/conclusions that Petitioner failed to rebut the correctness of the state court findings rejecting Petitioner's claim that trial counsel was ineffective for failing to investigate Dr. Bhargava's involvement with the complainant. However, as noted in the Report, Petitioner has not shown what information any additional investigation would have revealed.

3

Petitioner objects to the Magistrate Judge's findings/conclusions that Petitioner failed to rebut the correctness of the state court findings rejecting Petitioner's claim that trial counsel was ineffective for failing to discover and present evidence impeaching the complainant's credibility. He argues that trial counsel should have used an expert to point out "red flags" in her testimony. However, as noted in the Report, trial counsel adequately cross-examined the complainant. Additionally, he had hired an expert, but decided as part of his trial strategy that the benefit of putting the expert on the stand did not justify the risk.

Additionally, Petitioner objects to the Magistrate Judge's findings/conclusions that Petitioner failed to rebut the correctness of the state court findings rejecting Petitioner's claim that trial counsel was ineffective for failing to failing to investigate witness Marcella Gray. He contends that had trial counsel done so, he could have impeached her harmful testimony. However, as noted in the Report, Petitioner has not shown what information any additional investigation would have revealed. Petitioner merely states that there was information in the state's file about Gray's history of mental instability.

Petitioner objects to the Magistrate Judge's findings/conclusions that Petitioner failed to rebut the correctness of the state court findings rejecting Petitioner's claim that trial counsel was ineffective for failing to seek the trial judge's recusal. As discussed in the Report, the trial judge's former father-in-law was on the Board of Trustees for Collin County Community College, where Creech had been employed. However, as noted in the Report, the judge's relationship did not disqualify him to hear the case because it did not provide him a personal or pecuniary interest in the case, and neither the father-in-law nor the college were parties of persons injured in the case.

Petitioner also objects to the Magistrate Judge's findings/conclusions that Petitioner failed

4

to rebut the correctness of the state court findings rejecting Petitioner's claim that the state suppressed a statement from potential witness Courtney Courtney, which conflicted with the testimony of state witness Marcella Gray. He contends that, had the state disclosed an e-mail detailing an interview of witness Courtney Courtney, there was a reasonable probability that the result of the trial would have been different. However, as noted in the Report, Courtney testified at the evidentiary hearing that she believed everything Gray had told her, and would have testified to that if she had been called as a witness at the trial.

Petitioner objects to the Magistrate Judge's findings/conclusions that Petitioner failed to rebut the correctness of the state court findings rejecting Petitioner's claim that the state failed to disclose information regarding Dr. Bhargava. However, as discussed in the Report, Dr. Bhargava testified at trial that she did not remember the complainant making an outcry about abuse, and did not have any information in her notes about such an outcry. Additionally, no prosecutor spoke to her prior to trial because she was not cooperative. Both the defense and prosecution were unaware that Dr. Bhargava would deny the outcry when she testified.

Petitioner next re-urges his argument regarding cumulative error. However, as noted in the Report, the "cumulative error" doctrine has not been clearly established by the Supreme Court nor the Fifth Circuit.

Petitioner objects to the Magistrate Judge's findings/conclusions regarding his claim that the state violated due process by presenting false testimony. He contends that Marcella Gray testified falsely when she told the jury that Courtney Courtney had been the object of sexual abuse by Petitioner. As noted in the Report, however, the fact that Courtney's testimony was inconsistent with Gray's does not demonstrate that Gray's testimony was actually false.

5

Finally, Petitioner objects to the Magistrate Judge's findings/conclusions rejecting his claim that he was denied due process based on the trial court judge's bias. However, as noted in the Report, Petitioner has failed to show either actual or presumptive bias. Petitioner has not shown that the judge had a direct personal, substantial, and pecuniary interest in the outcome of the case.

In sum, Petitioner fails to provide a valid basis for his objections, or demonstrate how the Magistrate Judge's recommendation is incorrect. After reviewing the Report and Recommendation and conducting a *de novo* review of Petitioner's objections, the Court concludes the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** the petitions for writ of habeas corpus are **DENIED**, and the cases are **DISMISSED** with prejudice. Certificates of appealability are **DENIED**. It is further **ORDERED** all motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 27th day of March, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE